ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
KATHARINE SCHONBACHLER
Assistant United States Attorney
Asset Forfeiture Section
California Bar No. 222875
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3172
    Facsimile: (213) 894-7177
    E-mail: katie.schonbachler@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED
2011 JAN 24 PM 2:46
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY_____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>           v.<br><br>121,356 PIECES OF BOYS' POLYESTER KNIT JACKETS, PANTS, AND SHIRTS AND 122,976 PIECES OF BOYS' JACKETS, PANTS, AND PULLOVERS,<br><br>           Defendants. | NO. CV 11 00710-RGK (FMOx)<br><br>VERIFIED<br>COMPLAINT FOR FORFEITURE<br><br>[19 U.S.C. §§ 1595a(a) and (c)(1)(A)]<br><br>[CBP] |

    The United States of America brings this claim against the defendants 121,356 Pieces of Boys' Polyester Knit Jackets, Pants, and Shirts and 122,976 Pieces of Boys' Jackets, Pants, and Pullovers ("defendant apparel") and alleges as follows:

### JURISDICTION AND VENUE

    1.   This is a civil forfeiture action brought pursuant to

1  19 U.S.C. § 1595a(a) and § 1595a(c)(1)(A).

2.  This court has jurisdiction over the matter under 28 U.S.C. §§ 1345 and 1355.

3.  Venue lies in this district pursuant to 28 U.S.C. § 1395(b).

## PERSONS AND ENTITIES

4.  The plaintiff is the United States of America.

5.  The defendants are:

   a. 121,356 Pieces of Boys' Polyester Knit Jackets, Pants, and Shirts seized on December 18, 2007; and,

   b. 122,976 Pieces of Boys' Jackets, Pants, and Pullovers seized on February 25, 2008.

6.  The interests of Apparel Associates, LLC ("Apparel Associates") may be adversely affected by these proceedings.

7.  The defendant apparel was seized by the United States Customs and Border Protection ("CBP") and is currently in the custody of CBP where it shall remain subject to this court's jurisdiction during the pendency of this action.

## EVIDENCE SUPPORTING FORFEITURE

A.  <u>121,356 Pieces of Boys' Polyester Knit Jackets, Pants, and Shirts</u>

8.  On or about October 16, 2007, Apparel Associates was the importer of record on a shipment of four containers purportedly consisting of 3,372 dozen boys' polyester light weight jackets that arrived in the Port of Los Angeles/Long Beach ("LA/LB Seaport"). CBP targeted the four containers because Apparel Associates had a history of customs violations, including prior seizures for suspected quota evasion.

9. In the twelve months prior to October 2007, Apparel Associates made 391 entries that had a total entered value of $30.1 million.[1] This high volume of imports suggests that Apparel Associates was aware or should have been aware of the import requirements associated with merchandise subject to quota/visa requirements.[2] In 2003 and 2004, Apparel Associates had three shipments seized for quota evasion violations.

10. The invoice for this October 16, 2007 shipment, entry number 275-1323676-3, described the merchandise contained in the four cargo containers as "3,372 dozen boys 100% polyester lt. weight jackets," and classified the garments in the shipment under the Harmonized Tariff Schedule of the United States ("HTSUS") subheading 6201.93.3000 which carried a duty rate of 7.1%.[3] The invoice and other entry documents only referred to jackets, which are not subject to absolute quotas, and did not mention boys' pants or shirts, both of which were subject to

---

[1] For these entries, the entered value is equal to the transaction value, which is the price actually paid or payable for the merchandise when sold for exportation to the United States.

[2] Absolute quotas and visa requirements are among the mechanisms used to implement textile restrictions on imports. Absolute quotas place quantitative limitations on specified merchandise that can enter the United States within a prescribed time period. Foreign exporting countries agree to issue visas, which are paper or electronic documents that authorize the exportation of the quota merchandise to the United States; the visas ensure that a quota is not exceeded.

[3] Merchandise classified under subheading 6201.93.3000 is not subject to an absolute quota limit and requires no visa to be imported into the United States.

absolute quotas in October 2007.[4]

11. On October 19, 2007, CBP issued a permit to transfer the merchandise from the LA/LB Seaport dock to the agency's centralized examination facility. On October 26, 2007, Apparel Associates, through their attorney, notified CBP that they refused to incur the costs of transferring the merchandise to CBP's examination facility and intended to abandon the merchandise contained in the four cargo containers.

12. On November 13, 2007, a CBP Import Specialist examined all four Apparel Associates' containers at the LA/LB Seaport dock and found 3,371 dozen each of boys' polyester knit jackets, boys' polyester knit pants, and boys' polyester knit shirts. The garments had been pre-packaged as three-piece sets for retail sale and the jackets were covering the shirts and pants.

13. CBP noted the discrepancy in quantity between the actual imported goods of 3,371 dozen jackets, pants, and shirts versus the quantity listed in the entry documents of 3,372 dozen jackets. CBP determined that Apparel Associates incorrectly described and classified the merchandise.

14. The CBP Import Specialist sent samples of the merchandise to the Commodity Specialist Team ("CST") to determine the proper HTSUS classification and duty rates for each piece of

---

[4] The United States and China agreed in a Memorandum of Understanding ("United States-China MOU") to establish absolute quotas on the importation of cotton, wool and man-made textiles from China. Boys' knit shirts (as category 638) and boys' knit pants (as category 647) were both subject to absolute quotas from January 1, 2006 through December 31, 2008. Boys' knit jackets were not subject to absolute quota restrictions and did not require a visa to be imported.

merchandise. The CST determined the proper classification for the jackets was HTSUS subheading 6101.30.2020 which carried a 28.2% duty rate; for the pants was HTSUS subheading 6103.43.1570 which carried a 28.2% duty rate; and for the shirts was HTSUS subheading 6110.30.3053 which carried a 32% duty rate.

15. Pursuant to the United States-China MOU, the pants fell under quota category 647 and the shirts fell under quota category 638. Because both pants and shirts were subject to absolute quota restrictions, visas were required for their importation.[5] The jackets were not subject to absolute quota and visa restrictions, but were misclassified in the entry documents under an incorrect HTSUS subheading, in order to evade duties on the pants and shirts.

16. By failing to properly declare and classify the pants and shirts, Apparel Associates avoided paying $15,838.41 in duties. Apparel Associates' failure to properly declare and classify the merchandise also enabled the company to evade quota costs normally paid by importers of such merchandise.

17. In October 2007, both categories 638 and 647 were subject to absolute quotas.[6] On October 18, 2007, two days after

---

[5] In October 2007, when the Apparel Associates merchandise arrived in the United States both quota categories were open. Category 638 was 72.3% filled, leaving 27.64% of the quota open for importation with the properly issued visa, and Category 647 was 73.7% filled, with 26.21% open. The necessary quota visas could have been obtained prior to shipping the merchandise to the United States.

[6] When absolute quotas are in place, the CBP updates the status of quota categories daily and publishes them on the agency's web site, www.cbp.gov.

the Apparel Associates merchandise arrived in the United States, the cost quota category 638 (shirts) was $13.00 per dozen and the cost quota category 647 (pants) was $12.00 per dozen. Had Apparel Associates properly classified and invoiced its merchandise at those rates, it would have paid an additional $43,823.00 for the shirts ($13.00 x 3,371 dozen) under quota category 638 and an additional $40,452.00 for the pants ($12.00 x 3,371 dozen) under quota category 647.

18.  On December 18, 2007, CBP seized the pants and shirts pursuant to 19 U.S.C. § 1595a(c)(1)(A) based on information and belief that they were smuggled or clandestinely introduced into the United States in circumvention of the applicable absolute quota restriction on textile and apparel imports authorized by 7 U.S.C. § 1854 and set forth in the United States-China MOU.

19.  CBP seized the jackets pursuant to 19 U.S.C. § 1595a(a) based on information and belief that they were used to conceal, and therefore facilitate the importation of the pants and shirts.

B.   <u>122,976 Pieces of Boys' Jackets, Pants, and Pullovers</u>

20.  Given Apparel Associates' history of import violations, CBP conducted further research on the importer's shipments that were in transit. A shipment of four containers, manifested under bill of lading number HLCUSHA0709KRTH0 was in transit to the United States from China. The shipment arrived at LA/LB Seaport on October 25, 2007. The manifest and bill of lading transmitted to CBP described the merchandise as 3515 cartons of "Boys' 100% Polyester Lt. Weight Jackets."

21.  On October 17, 2007, prior to the shipment's arrival at

LA/LB Seaport, Apparel Associates, through their attorney, informed CBP that Apparel Associates intended to abandon all targeted shipments and would not pay to have any shipment sent to CBP's warehouse facility for examination.

22. Apparel Associates refused to file an "entry" for the shipment. Instead, the company filed an immediate export entry on November 5, 2007, eleven days after the shipment arrived in the United States.[7]

23. The original manifest and bill of lading electronically submitted by Apparel Associates to CBP was replaced on November 10, 2007 with another electronically transmitted bill of lading that changed the description of the merchandise from "Boys' 100% Polyester Lt. Weight Jackets" to "Boys' 100% Polyester Lt. Weight Suit." CBP surmised that Apparel Associates knew that it would again be caught with undeclared merchandise when the shipment was examined.

24. On December 5, 2007, CBP denied Apparel Associates IE entry and examined the shipment. In the containers, the CBP Import Specialist discovered 40,922 pieces each of boys' polyester knit jackets, boys' polyester knit pants, and boys' polyester knit pullovers, packaged as three-piece suits.

25. CBP determined that the proper HTSUS classification for the jackets was HTSUS 6101.30.2020 which carried a 28.2% duty rate; for the pants was 6103.43.1570 which carried a 28.2% duty

---

[7] An immediate export entry allows merchandise to be immediately exported from the United States once it enters the country. This type of entry is typically used in situations when entry is attempted, but problems arise and goods cannot be entered into the United States.

rate; for the pullovers was 6110.30.3053 which carried a 32% duty rate. The jackets did not require a visa and they were not subject to an absolute quota. As with the previous shipment, the pants fell into quota category 647 while the pullovers fell into quota category 638. Both categories required a visa and were subject to absolute quota restrictions.

26. As of October 18, 2007, the week before the defendant apparel arrived at LA/LB Seaport, the cost for quota category 638 (pullovers) was $13.00 per dozen and the cost for quota category 647 was $12.00 per dozen.

27. The cost to Apparel Associates had the company properly classified and declared the merchandise would have been approximately an additional $44,330.00 for the pullovers under quota category 638($13.00 x 3,410 dozen) and approximately an additional $40,920.00 for the pants under quota category 647($12.00 x 3,410 dozen).[8] Given that Apparel Associates failed to file an entry, the evasion of duty payments was not calculated for this seizure.

28. On February 25, 2008, CBP seized the jackets pursuant to 19 U.S.C. § 1595a(a) based on information and belief that they were used to facilitate the importation of restricted merchandise (the merchandise was packaged as individual sets with the jackets covering the pants and pullovers).

---

[8] Apparel Associates attempted to import 40,022 pieces each of pants and pullovers. The costs associated with quotas are established by the number of dozens of merchandise imported. As the quantity of Apparel Associates' attempted importation did not divide evenly into dozens, CBP rounded down to 3,410 to determine a conservative quantity.

29. In addition, CBP seized the pants and pullovers pursuant to 19 U.S.C. § 1595a(c)(1)(A) based on information and belief that they were attempted to be smuggled or clandestinely introduced into the United States in circumvention of the applicable absolute quota restriction or textile import restrictions authorized by 7 U.S.C. § 1854 and set forth in the United States-China MOU dated November 5, 2005.

FIRST CLAIM FOR RELIEF

30. Plaintiff incorporates the allegations of paragraphs 1-29 above as though fully set forth herein.

31. Based on the above, plaintiff alleges that there is probable cause to believe that the defendant apparel is merchandise stolen, smuggled, clandestinely imported, introduced or attempted to be introduced contrary to law. The defendant apparel is therefore subject to forfeiture pursuant to 19 U.S.C. § 1595a(c)(1)(A).

SECOND CLAIM FOR RELIEF

32. Plaintiff incorporates the allegations of paragraph 1-29 above as though fully set forth herein.

33. Based on the above, plaintiff alleges that there is probable cause to believe that the jackets included within the shipments of the defendant apparel were used to facilitate the introduction or attempted introduction of the defendant apparel into the United States contrary to law. The jackets included within the shipments of the defendant apparel are therefore subject to forfeiture pursuant to 19 U.S.C. § 1595a(a).

WHEREFORE, the United States prays that:

a. due process issue to enforce the forfeiture of the defendant apparel;

b. due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed;

c. that this Court decree forfeiture of the defendant apparel to the United States of America for disposition according to law; and,

d. for such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

DATED: January 24, 2011

ANDRÉ BIROTTE, JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Chief, Asset Forfeiture Section

*Katharine Schonbachler*
KATHARINE SCHONBACHLER
Assistant United States Attorney
Asset Forfeiture Section

Attorneys for Plaintiff
United States of America

## VERIFICATION

I, Crystal Newby, hereby declare that:

1. I am a Supervisory Import Specialist with Customs and Border Protection and I am assigned to the forfeiture matter entitled <u>United States of America v. 121,356 Pieces of Boys' Polyester Knit Jackets, Pants and Shirts and 122,976 Pieces of Boys' Jackets, Pants, and Pullovers</u>.

2. I have read the above Verified Complaint for Forfeiture and know its contents. It is based upon my own personal knowledge and reports provided to me by other law enforcement officers.

3. Everything contained in the Complaint is true and correct, to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed January 21, 2011 in Long Beach, California.

CRYSTAL NEWBY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge R. Gary Klausner and the assigned discovery Magistrate Judge is Fernando M. Olguin.

The case number on all documents filed with the Court should read as follows:

**CV11- 710 RGK (FMOx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| UNITED STATES OF AMERICA | 121,356 PIECES OF BOYS' POLYESTER KNIT JACKETS, PANTS, AND SHIRTS AND 122,976 PIECES OF BOYS' JACKETS, PANTS, AND PULLOVERS |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Katharine Schonbachler, Assistant United States Attorney<br>Federal Courthouse, 14th Floor<br>312 North Spring Street<br>Los Angeles, California 90012<br>Telephone: (213) 894-3172, Facsimile: (213) 894-7177 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☒ 1 U.S. Government Plaintiff ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
19 U.S.C. § 1595a (a) and (c) (1) (A)

**VII. NATURE OF SUIT** (Place an X in one box only.)

OTHER STATUTES
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Act
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Info. Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

TORTS PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Fed. Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury-Med Malpractice
- ☐ 365 Personal Injury-Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus-Alien Detainee
- ☐ 465 Other Immigration Actions

TORTS PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 American with Disabilities - Employment
- ☐ 446 American with Disabilities - Other
- ☐ 440 Other Civil Rights

PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus/Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

FORFEITURE/PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☒ 690 Other

LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

FOR OFFICE USE ONLY: Case Number: CV11 00710

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)   CIVIL COVER SHEET   Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
　　　　　　　　　　　　　　☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
　　　　　　　　　　　　　　☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
　　　　　　　　　　　　　　☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐　Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐　Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
　　**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _/s/ Kathryn Johntuckle_____ Date _1/24/11_

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |